SARAH R. HACOBIAN, ESQ. (Cal. Bar No. 340443)
SRH Law Group, APC
440 Western Ave. Suite 205
Glendale, CA 91201
Telephone: (818) 669-8522
SRHlawgroup@outlook.com
Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LY THANH LONG,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**TODD LYONS, Acting Director, Immigration and Customs Enforcement, Warden FERETI SEMAIA, Adelanto West ICE Processing Center, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, FIELD OFFICE DIRECTOR, ICE Enforcement and Removal Operations, Los Angeles, and DOES 1-10, in their official capacities,**<br><br>**Respondents.** | Case No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND EMERGENCY EX PARTE APPLICATION FOR ADMINISTRATIVE STAY OF REMOVAL, TEMPORARY RESTRAINING ORDER, AND OTHER IMMEDIATE RELIEF** |

## I. INTRODUCTION

Petitioner Long Thanh Ly ("Petitioner") respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and simultaneously seeks

emergency ex parte relief preserving the status quo pending adjudication of this Petition.

This case presents extraordinary circumstances requiring the Court's immediate intervention.

Only weeks ago, the United States District Court for the Central District of California granted Petitioner's prior Petition for Writ of Habeas Corpus and ordered Respondents to immediately release Petitioner subject to his previous conditions of supervision. Respondents complied with that Judgment and released Petitioner from custody.

Following his release, Petitioner did exactly what the Court expected him to do. He complied with every condition of supervision, remained in contact with Immigration and Customs Enforcement ("ICE"), appeared for his required check-ins, and diligently pursued available immigration relief, including preparation of a Motion to Reopen his immigration proceedings. Petitioner's compliance with ICE supervision and his intent to pursue reopening were central facts in his prior habeas petition.

On Friday, September 4, 2026, Petitioner voluntarily appeared at a scheduled ICE check-in appointment. Rather than continuing his supervision, ICE unexpectedly re-detained him at the Adelanto ICE Processing Center.

Petitioner was then informed that ICE intended to deport him on Tuesday, September 8, 2026.

Petitioner received no advance written notice that ICE intended to execute his removal order.

Neither Petitioner nor undersigned counsel received any meaningful opportunity to seek judicial intervention before ICE scheduled Petitioner's removal.

Instead, ICE detained Petitioner on a Friday afternoon, leaving only the weekend and the Labor Day federal holiday before the scheduled Tuesday morning removal.

This compressed timeline effectively deprived Petitioner of any meaningful access to the courts before Respondents sought to remove him from the United States.

Without immediate judicial intervention, Petitioner will likely be removed before any federal court has an opportunity to determine whether Respondents'

conduct comports with the Due Process Clause of the Fifth Amendment or whether Petitioner is entitled to relief while pursuing his pending Motion to Reopen.

This emergency is entirely of Respondents' own making. Had Respondents provided meaningful advance notice of their intent to execute Petitioner's removal order, Petitioner could have sought judicial review in the ordinary course. Instead, Respondents created an emergency by delaying notice until Petitioner appeared for a routine reporting appointment and then scheduling removal on the first business day following a holiday weekend.

The relief requested is narrow.

Petitioner is **not** asking this Court to adjudicate the merits of his Motion to Reopen.

Petitioner is **not** asking this Court to vacate his underlying order of removal.

Rather, Petitioner asks this Court only to preserve the status quo long enough to permit meaningful judicial review of the serious constitutional and statutory issues presented herein.

Absent immediate intervention, Petitioner's removal will moot much of the practical relief available through this habeas proceeding and substantially impair

Petitioner's ability to consult with counsel, complete his Motion to Reopen, and obtain meaningful judicial review before his removal is executed.

Accordingly, Petitioner respectfully requests that this Court immediately:

1. Enter an administrative stay prohibiting Respondents from removing Petitioner pending further order of this Court;
2. Issue a Temporary Restraining Order preserving the status quo;
3. Prohibit Respondents from transferring Petitioner outside the Central District of California for purposes of effectuating removal;
4. Require Respondents to immediately disclose Petitioner's anticipated removal schedule, destination, and transportation itinerary; and
5. Grant such additional relief as justice requires.

## II. EMERGENCY NATURE OF THIS PETITION

This matter presents an extraordinary emergency requiring immediate judicial intervention.

On Friday, September 4, 2026, Petitioner voluntarily appeared at a scheduled ICE reporting appointment, exactly as he had done throughout the period following his release pursuant to this Court's prior Judgment. Rather than allowing Petitioner to continue under supervision, Respondents unexpectedly

detained him and informed him that he would be removed from the United States on Tuesday, September 8, 2026.

Respondents provided no meaningful advance notice that Petitioner's removal would be executed.

Because Petitioner was detained immediately before a weekend followed by a federal holiday, neither Petitioner nor undersigned counsel had a meaningful opportunity to prepare and file emergency pleadings before Respondents scheduled Petitioner's removal.

Absent immediate intervention by this Court, Petitioner will likely be removed before this Court has an opportunity to determine whether Respondents' actions comport with the Constitution and federal law.

Once Petitioner is removed from the United States, his ability to communicate with counsel, pursue his Motion to Reopen, participate in these proceedings, and obtain meaningful judicial review will be substantially impaired, if not effectively extinguished.

Accordingly, immediate emergency relief is necessary to preserve the status quo while this Court considers the issues presented by this Petition.

**III. JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241 because Petitioner is presently confined by federal immigration authorities within the Central District of California.

Petitioner challenges the legality of Respondents' present detention, the manner in which Respondents seek to execute Petitioner's removal, and the deprivation of Petitioner's constitutional right to meaningful access to the courts and due process of law.

Petitioner does not ask this Court to review the validity of the underlying order of removal.

Rather, Petitioner challenges Respondents' present conduct in re-detaining Petitioner, scheduling his removal without meaningful advance notice, and attempting to remove him before any court can meaningfully consider the constitutional issues presented herein.

This Court likewise possesses authority under the All Writs Act, 28 U.S.C. § 1651(a), to preserve its jurisdiction and maintain the status quo while determining its authority to grant relief. Federal courts may issue temporary relief necessary to preserve their prospective jurisdiction in appropriate circumstances.

Venue is proper because Petitioner is presently detained at the Adelanto ICE Processing Center within this judicial district.

**IV. PRIOR HABEAS PROCEEDINGS**

This is not Petitioner's first appearance before this Court.

On or about May 7, 2026, Petitioner filed a Petition for Writ of Habeas Corpus challenging his sudden re-detention after nearly twenty-eight years of compliance with ICE supervision.

That Petition alleged that ICE violated Petitioner's Fifth Amendment rights by abruptly revoking Petitioner's liberty without meaningful pre-deprivation process after allowing him to remain at liberty for nearly three decades. The petition further explained that Petitioner had continuously complied with ICE supervision, maintained substantial community ties, and was actively preparing a Motion to Reopen his immigration proceedings.

Respondents did not oppose Petitioner's request for release.

On June 3, 2026, the assigned Magistrate Judge issued a Report and Recommendation concluding that judgment should be entered ordering Petitioner's immediate release, subject to his previous conditions of supervision.

On July 14, 2026, United States District Judge Sunshine Suzanne Sykes adopted the Report and Recommendation in full and entered Judgment ordering Respondents to immediately release Petitioner, subject to his previous conditions of supervision. Respondents complied with that Judgment and released Petitioner from custody.

Petitioner thereafter complied with every condition imposed by ICE.

He continued reporting as directed.

He remained at his known residence.

He remained available to ICE at all times.

He continued preparing his Motion to Reopen.

He did precisely what Respondents and this Court expected him to do.

**V. SEPTEMBER 4, 2026 RE-DETENTION**

On Friday, September 4, 2026, Petitioner appeared at a scheduled ICE reporting appointment in full compliance with his conditions of supervision.

Petitioner had no reason to believe Respondents intended to immediately detain him or execute his removal order.

Without warning, ICE officers detained Petitioner.

Petitioner was transported to the Adelanto ICE Processing Center.

ICE officers informed Petitioner that he would be deported on Tuesday morning, September 8, 2026.

Neither Petitioner nor undersigned counsel had received any prior written notice that Respondents intended to execute Petitioner's removal order.

Respondents likewise did not provide sufficient time for Petitioner to seek meaningful judicial review before the scheduled removal.

Instead, Respondents selected a timeline that effectively foreclosed ordinary judicial review by detaining Petitioner immediately before a weekend and a federal holiday and scheduling removal on the next business day.

Petitioner has remained detained since September 4, 2026.

Respondents' actions have created an emergency entirely of their own making.

**VI. RESPONDENTS HAVE DEPRIVED PETITIONER OF ANY MEANINGFUL OPPORTUNITY TO SEEK JUDICIAL REVIEW**

The Due Process Clause guarantees that an individual facing a significant deprivation of liberty be afforded notice and a meaningful opportunity to be heard.

Those protections were absent here.

Respondents did not notify Petitioner that they intended to execute his removal order before his scheduled reporting appointment.

Instead, Respondents waited until Petitioner voluntarily appeared at his required ICE check-in on Friday, September 4, 2026, detained him without advance warning, and informed him that he would be removed on Tuesday, September 8, 2026.

Respondents selected a schedule that left only the intervening weekend and the Labor Day federal holiday before Petitioner's scheduled removal.

As a practical matter, Petitioner had virtually no opportunity to obtain judicial review before Respondents sought to permanently remove him from the United States.

Meaningful judicial review requires more than theoretical access to a courthouse.

It requires sufficient time to consult counsel, prepare pleadings, gather supporting evidence, file appropriate motions, and permit a court to consider those requests before the challenged governmental action becomes irreversible.

Respondents' actions deprived Petitioner of each of those protections.

The emergency now before this Court exists solely because Respondents chose to execute Petitioner's removal in a manner that effectively prevented meaningful judicial review.

Had Respondents provided reasonable advance notice of their intent to remove Petitioner, ordinary judicial procedures would have been available.

Instead, Respondents created an emergency by withholding notice until immediately before removal.

The Constitution does not permit the Government to create circumstances that effectively extinguish judicial review through the timing of its own actions.

Temporary intervention is therefore necessary to preserve Petitioner's constitutional right to meaningful access to the courts.

**VII. THIS COURT POSSESSES AUTHORITY TO PRESERVE THE STATUS QUO**

Federal courts possess inherent equitable authority to preserve the status quo while determining their jurisdiction and the merits of an emergency request for relief.

The All Writs Act authorizes federal courts to issue orders necessary or appropriate in aid of their respective jurisdictions.

That authority exists to ensure that a court's ability to render meaningful relief is not frustrated before it has an opportunity to determine the issues presented.

Even where jurisdiction itself may ultimately be disputed, federal courts possess authority to preserve the status quo while deciding that jurisdictional question. *Belbacha v. Bush* and related authority recognize that interim relief may be appropriate to prevent events that would otherwise defeat meaningful judicial review.

Likewise, the Ninth Circuit has recognized that the All Writs Act empowers federal courts to issue orders necessary to protect their prospective jurisdiction in appropriate circumstances.

Petitioner requests only temporary relief preserving the existing circumstances while this Court determines the constitutional issues presented by this Petition.

Absent such relief, Respondents may remove Petitioner before this Court has any meaningful opportunity to determine whether Petitioner's constitutional rights have been violated.

Should that occur, the practical effectiveness of any later decision would be substantially diminished.

Temporary preservation of the status quo is therefore both appropriate and necessary.

**VIII. PETITIONER SATISFIES THE REQUIREMENTS FOR IMMEDIATE EMERGENCY RELIEF**

A temporary restraining order is appropriate where the moving party demonstrates:

1. A likelihood of success on the merits;
2. A likelihood of suffering irreparable harm absent relief;
3. That the balance of equities favors the requested relief; and
4. That the requested injunction serves the public interest.

Alternatively, under the Ninth Circuit's sliding-scale approach, emergency relief may issue where serious questions going to the merits are raised, the balance of hardships tips sharply in the moving party's favor, irreparable injury is likely, and the public interest favors preserving the status quo.

Each of those factors strongly favors immediate relief.

***A. Petitioner Will Suffer Immediate and Irreparable Harm***

There can be no serious dispute regarding irreparable harm.

Respondents have informed Petitioner that they intend to remove him from the United States on September 8, 2026.

Removal is irreversible.

Once removed, Petitioner's ability to communicate with counsel, complete his Motion to Reopen, participate in these proceedings, and obtain meaningful judicial review will be substantially impaired.

Unlike monetary injury, removal cannot later be undone through an award of damages.

The threatened harm is immediate.

Unless this Court intervenes, Respondents intend to execute Petitioner's removal before this Court has an opportunity to consider the merits of this Petition.

That is the very definition of irreparable injury.

***B. Serious Questions Exist Going to the Merits***

At a minimum, Petitioner raises serious constitutional questions.

Respondents previously released Petitioner pursuant to a federal court judgment.

Petitioner fully complied with every condition of supervision.

Petitioner voluntarily appeared at his scheduled ICE reporting appointment.

Respondents nevertheless detained Petitioner without advance notice and immediately scheduled his removal in a manner that effectively prevented meaningful judicial review.

Whether Respondents may constitutionally deprive Petitioner of meaningful access to the courts through the timing of their own actions presents substantial constitutional questions warranting preservation of the status quo until those issues can be fully considered.

## IX. RESPONDENTS CREATED THE EMERGENCY THROUGH THEIR OWN CONDUCT

Emergency relief is appropriate not only because Petitioner's removal is imminent, but because the emergency itself was entirely created by Respondents.

Respondents had complete control over the timing of Petitioner's detention and removal.

Respondents knew where Petitioner lived.

Respondents knew Petitioner had continuously complied with ICE supervision.

Respondents knew Petitioner voluntarily appeared for every reporting appointment.

Respondents nevertheless chose to wait until Petitioner's routine reporting appointment before taking him into custody.

Respondents then scheduled Petitioner's removal on the first business day following a weekend and federal holiday.

This sequence left Petitioner with virtually no opportunity to seek judicial review before Respondents sought to permanently remove him from the United States.

Nothing required Respondents to proceed in this manner.

Had Respondents provided reasonable advance notice of their intent to execute Petitioner's removal order, this matter could have proceeded in the ordinary course.

Instead, Respondents' own conduct manufactured the present emergency.

Equity does not favor permitting a party to create an emergency through its own actions and then argue that the Court lacks sufficient time to intervene.

The extraordinary relief requested here is therefore a direct consequence of Respondents' decision to deprive Petitioner of meaningful notice before attempting to execute his removal.

## X. THE BALANCE OF EQUITIES SHARPLY FAVORS PRESERVING THE STATUS QUO

The balance of hardships overwhelmingly favors Petitioner.

Petitioner requests only temporary relief maintaining the status quo while this Court considers the issues presented.

Petitioner does not seek permanent relief at this stage.

Petitioner does not ask this Court to vacate his removal order.

Petitioner seeks only sufficient time for meaningful judicial review before Respondents permanently alter the parties' positions through removal.

By contrast, Respondents will suffer little, if any, prejudice from maintaining Petitioner's current custodial status while this Court considers this Petition.

Respondents have supervised Petitioner for nearly three decades.

Following this Court's previous Judgment, Respondents again released Petitioner subject to supervision, and Petitioner complied with every condition imposed.

A brief administrative stay preserving existing conditions therefore imposes minimal burden upon Respondents.

The hardship to Petitioner, however, is profound.

If removed before this Court rules, Petitioner's ability to communicate with counsel, pursue reopening of his immigration proceedings, and obtain meaningful judicial review may be permanently impaired.

The balance of equities therefore weighs decisively in favor of temporary emergency relief.

## XI. THE PUBLIC INTEREST FAVORS MEANINGFUL JUDICIAL REVIEW

The public unquestionably possesses an important interest in the fair enforcement of the immigration laws.

The public likewise possesses an equally compelling interest in ensuring that constitutional guarantees are respected while those laws are enforced.

The Government has no legitimate interest in removing an individual before that individual has had a meaningful opportunity to seek judicial review of substantial constitutional claims.

Nor is the public served when governmental action effectively deprives an individual of access to the courts through the timing of its execution.

The requested relief will not prevent Respondents from enforcing the immigration laws should they ultimately prevail.

It will merely preserve the status quo long enough for this Court to determine whether Petitioner's constitutional rights have been respected.

Accordingly, the public interest strongly favors issuance of the requested temporary relief.

## XIII. CONCLUSION

For all of the foregoing reasons, Petitioner respectfully requests that this Court immediately:

1. Enter an Administrative Stay prohibiting Respondents from removing Petitioner pending further order of the Court;
2. Issue a Temporary Restraining Order prohibiting Respondents from removing Petitioner from the United States pending adjudication of this Petition;
3. Prohibit Respondents from transferring Petitioner outside the Central District of California absent further order of the Court;
4. Order Respondents to file an expedited status report identifying:

   a. Petitioner's anticipated removal date and time;

b. Petitioner's anticipated destination country;

c. Petitioner's transportation itinerary;

d. Petitioner's present custodial status;

e. Whether Respondents will voluntarily defer Petitioner's removal pending this Court's ruling;

5. Issue an Order to Show Cause directing Respondents to respond to this Petition on an expedited basis; and
6. Grant such additional relief as the Court deems just and proper.

Dated: September 8, 2026

Respectfully submitted,

SRH LAW GROUP, APC

*<u>/s/ Sarah Hacobian</u>*
Sarah R. Hacobian
Attorney for Petitioner

## DECLARATION OF SARAH R. HACOBIAN

I, Sarah R. Hacobian, declare:

1. I am an attorney licensed to practice before this Court and counsel for Petitioner Long Thanh Ly. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.
2. I represented Petitioner in his previous federal habeas corpus proceeding, in which the United States District Court ordered Petitioner's immediate release from immigration detention subject to his previous conditions of supervision.
3. Following his release, Petitioner complied with his conditions of supervision and continued reporting to Immigration and Customs Enforcement ("ICE") as directed.
4. On or about September 4, 2026, I learned that Petitioner had voluntarily appeared for a scheduled ICE check-in, where he was unexpectedly detained.
5. I was informed that ICE advised Petitioner he would be removed from the United States on September 8, 2026.
6. Neither Petitioner nor I received advance notice that Respondents intended to execute Petitioner's removal order.

7. Because Petitioner was detained immediately before the weekend and the Labor Day federal holiday, there was no meaningful opportunity to seek judicial intervention before the scheduled removal.

8. I have prepared and filed this emergency Petition and Ex Parte Application at the earliest practicable opportunity after learning of Petitioner's imminent removal.

9. Unless this Court grants immediate relief, I believe Respondents intend to remove Petitioner before this Court has an opportunity to consider the constitutional issues presented by this Petition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of September, 2026, at Glendale, California.

*/s/ Sarah Hacobian*

**Sarah R. Hacobian, Esq.**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**LY THANH LONG,**

**Petitioner,**

**v.**

**TODD LYONS, Acting Director, Immigration and Customs Enforcement, Warden FERETI SEMAIA, Adelanto West ICE Processing Center, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, FIELD OFFICE DIRECTOR, ICE Enforcement and Removal Operations, Los Angeles, and DOES 1-10, in their official capacities,**

**Respondents.**

Case No.:

**[PROPOSED] ORDER GRANTING PETITIONER'S EMERGENCY EX PARTE APPLICATION FOR ADMINISTRATIVE STAY OF REMOVAL AND TEMPORARY RESTRAINING ORDER**

The Court has reviewed Petitioner's Emergency Ex Parte Application for Administrative Stay of Removal and Temporary Restraining Order, the accompanying Petition for Writ of Habeas Corpus, the Declaration of Sarah R. Hacobian, and the record in this matter.

The Court finds that emergency relief is warranted to preserve the status quo while the Court considers Petitioner's claims and to ensure that meaningful judicial review is not rendered impossible by Petitioner's imminent removal.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's Emergency Ex Parte Application is **GRANTED**.
2. Respondents, and all persons acting in concert with them, are **TEMPORARILY RESTRAINED** from removing Petitioner Long Thanh Ly from the United States pending further Order of this Court.
3. Respondents shall not transfer Petitioner outside the Central District of California for the purpose of effectuating his removal absent further Order of this Court.
4. This Order is entered solely for the purpose of preserving the status quo while the Court considers Petitioner's Petition for Writ of Habeas Corpus and shall not be construed as a determination on the ultimate merits of Petitioner's claims.
5. Respondents shall file a response to Petitioner's Emergency Application no later than _____________, 2026.
6. Respondents shall also file, together with their response, a status report identifying:

   a. Petitioner's current custodial location;

   b. The anticipated date and time of any proposed removal;

c. The destination country;

d. Whether any travel documents have been issued or obtained; and

e. Whether Respondents will agree to defer Petitioner's removal pending further order of this Court.

7. Petitioner's reply, if any, shall be filed no later than ____________, 2026.
8. The Court waives the security requirement under Rule 65(c), finding that this action concerns constitutional rights, that the requested relief merely preserves the status quo, and that Respondents will suffer no monetary prejudice from maintaining Petitioner's present custodial status pending further proceedings.
9. This Temporary Restraining Order shall remain in effect until further Order of this Court.

IT IS SO ORDERED.

DATED: ___________________, 2026

______________________________

UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of eighteen and not a party to this action. My business address is 440 Western Ave. Suite 205 Glendale, CA 91201.

On September 8, 2026, I served the foregoing **PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND EMERGENCY EX PARTE APPLICATION FOR ADMINISTRATIVE STAY OF REMOVAL, TEMPORARY RESTRAINING ORDER, AND OTHER IMMEDIATE RELIEF** on the following by [CM/ECF electronic filing]:

U.S. Attorney's Office Central
District of California
312 N. Spring Street
Los Angeles, CA 90012

Acting Director, U.S. Immigration
and Customs Enforcement
500 12th Street SW
Washington, DC 20536

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Field Office Director ICE
Enforcement and Removal Operations
– Los Angeles
300 N. Los Angeles Street
Los Angeles, CA 90012

Facility Director Adelanto West ICE
Processing Center
10250 Rancho Road
Adelanto, CA 92301

Warden, Adelanto West ICE
Processing Center 10250 Rancho
Road Adelanto, CA 92301

Secretary, U.S. Department of
Homeland Security
2707 Martin Luther King Jr. Ave SE
Washington, DC 20528

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 8, 2026 at Glendale, CA.
/s/ *Sarah Hacobian*
Sarah Hacobian