**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LY THANG LONG,<br>Petitioner,<br>v.<br>TODD LYONS, ETC., ET AL.,<br>Respondents. | No. ED CV 26-5174-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on September 8, 2026. Respondents filed "Respondents' Answer" on September 15, 2026. Petitioner filed a Reply on September 17, 2026.

///

///

///

///

///

///

## BACKGROUND[1]

Petitioner is a native and citizen of Vietnam who committed aggravated assault in the United States and was ordered removed to Vietnam in 1998. After five months in detention during 1998, Petitioner was released on supervision because no travel document from Vietnam could be obtained at that time.

On April 21, 2026, ICE re-detained Petitioner even though no travel document from Vietnam had yet been obtained. In response to a habeas petition filed by Petitioner (and unopposed by the Government), the Court ordered Petitioner released from detention, subject to the previous conditions of supervision. Release occurred in July of 2026.

On September 4, 2026, ICE re-detained Petitioner. The "Notice of Revocation of Release" given to Petitioner stated, in pertinent part, "Your release has been revoked pursuant to 8 C.F.R. § 241.13(i), for the following reason(s): . . . Circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future. ICE has obtained a travel document and scheduled your removal to take place no later than: 02/12/2027" (ECF Doc. 8-2, p. 1). Also on September 4, 2026, Petitioner apparently received an "informal interview" at which he had the opportunity to respond to the reasons for the revocation (ECF Doc. 8-2, p. 2).

## DISCUSSION

To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his

---

[1] Some of the facts recited herein derive from documents filed in Ly v. D. Marin, CV 26-2485-SSS(E), a habeas action previously filed by Petitioner.

custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). In the present case, Petitioner has failed to prove that his current custody violates his federal rights.

Under applicable regulations, the Government "may revoke an alien's release . . . and return the alien to custody if, on account of changed circumstances, the [Government] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). The issuance of a travel document from the country to which an alien will be removed can constitute the requisite "changed circumstance" warranting the revocation of supervision. See, e.g., Xiong v. Wofford, 2026 WL 177739, at *5 (E.D. Cal. Jan. 22, 2026). As discussed below, constitutional due process does not require a different conclusion.

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews"). Under Mathews, the Court considers three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

In the present case, consideration of the Mathews factors concludes Petitioner was not entitled to notice and an opportunity to seek judicial intervention before the September 4, 2026 re-detention. See, e.g., Siackasorn v. Mullin, 2026 WL 1745835, at *4-5 (W.D. Wash.

June 17, 2026); Manivong v. Mullin, 2026 WL 1162413, at *2-4 (W.D. Wash. April 29, 2026); Makuey v. Scott, 2026 WL 925647, at *1-4 (W.D. Wash. April 6, 2026). Petitioner's long-term liberty under supervision causes the first Mathews factor to weigh in his favor. However, the other two Mathews factors weigh in favor of the Government, as does the combined consideration of all three factors. See id.

Petitioner appears to disavow any challenge to removal itself. To the extent the Petition might be construed to request a delay in Petitioner's removal proceedings, any such request must be denied. Section 1252(g) of Title 8 U.S.C. provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has held that section 1252(g) bars district court habeas review of claims seeking to stay removal proceedings. See Rauda v. Jennings, 55 F.4th 773, 776-77 (9th Cir. 2022). Furthermore, exclusive jurisdiction to review the outcome of removal proceedings is vested in courts of appeal, not in district courts. See 8 U.S.C. § 1252(b)(9).

**CONCLUSION**

For all of the foregoing reasons, the Petition is denied and dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 21, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE